NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 3, 2008
Decided January 15, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 08-1561 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| | No. 05 CR 910 |
| *v.* | |
| JIRI KLIMECEK, *Defendant-Appellant.* | **Elaine E. Bucklo**, *Judge*. |

### O R D E R

Jiri Klimecek was a member of a warez group, which is an operation that overrides copyright protection measures embedded in movies, video games, and computer software, and uses computer servers to make these materials available for unauthorized download by Internet users. [Rec. Tab 1.] He was indicted under 17 U.S.C. § 506(a)(2) and 18 U.S.C. § 2319(c)(1) for willfully infringing copyrights by reproducing or distributing during a 180-day period at least ten copies of one or more

copyrighted works with a retail value of more than $2500. He was further charged under 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(b)(1) because the purpose of his infringement was for private financial gain. [Rec. Tab 2.]

Klimecek pleaded guilty. [Rec. Tab 9.] During the plea colloquy, he declared that he bought and installed hardware and software to set up a computer server and paid half of the monthly service charges to connect the server to the Internet. [Rec. Tabs 3–4.] In exchange, Klimecek was to obtain access to Czech movies and music. [Rec. Tab 6.] He admitted that he knew that Internet users from around the world were accessing the server to upload and download copyrighted works. [Rec. Tab 4.] The defendant also stated that during a 180-day period he caused at least ten or more copies of one or more copyrighted items to be uploaded to the server and thus made available for unauthorized download by Internet users. [Rec. Tab 5.] Klimecek admitted that the retail value of these copyrighted materials exceeded $2500. [Rec. Tabs 6–8.]

The district court determined that the defendant was not eligible for a two-level offense level reduction under U.S.S.G. § 3B1.2(b) for being a minor participant in the copyright infringement operation and concluded that the applicable Guideline range was 30–36 months' imprisonment. [Rec. Tab 10–11.] After hearing from the government, defense counsel, and Klimecek, the court examined the § 3553(a) factors and sentenced Klimecek to 30 months' imprisonment. [Rec. Tab 12.] Klimecek appeals his sentence. [Rec. Tab 13.]

Klimecek challenges the district court's determination that he was not a minor participant and thus not entitled to a two-level reduction. We review a district court's finding of fact concerning a defendant's level of participation in an offense for clear error, which we find only if we are left with a definite and firm conviction that a mistake has been made. *United States v. Gonzalez*, 534 F.3d 613, 616 (7th Cir. 2008).

The Guidelines permit a defendant's offense level to be reduced by two levels where the defendant was a minor participant in the offense. U.S.S.G. § 3B1.2(b). A defendant is a "minor participant" if he "plays a part in committing the offense that makes him substantially less culpable than the average participant" and "is less culpable than most other participants, but [his] role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. nn.3(A) & 5; *Gonzalez*, 534 F.3d at 616. A defendant must show by

a preponderance of the evidence that he is entitled to a minor participant reduction under § 3B1.2(b).  *Gonzalez*, 534 F.3d at 616.

Conceding that the evidence about the other participants' roles in the copyright infringement scheme was sparse, the defendant baldly asserts that he was only a lackey who did the bidding of higher-ups.  But this is not dispositive; even if other participants were more involved and more powerful than Klimecek, he cannot be deemed a minor participant if his function was an essential component of the scheme.  *United States v. McKee*, 389 F.3d 697, 700 (7th Cir. 2004).  The district court stated that the defendant was "crucial" to the operation, and certainly he was:  had he not bought the hardware and software components, set up the server, connected it to the Internet, and paid half of the monthly Internet service charges, the dissemination of the copyrighted materials could not have occurred.  Klimecek also argues that he was only one of many persons who set up servers to make the copyrighted materials accessible to Internet users.  However, this means that he had a run-of-the-mill role, which is at odds with the requirement that a defendant must play a part that makes him substantially less culpable than the *average* participant in order to qualify for a reduction under § 3B1.2.  U.S.S.G. § 3B1.2 cmt. n.3(A).  Klimecek's claim that he did not understand the full scope of the operation is belied by his admission that he knew Internet users from around the world were accessing the server to upload and download copyrighted materials.  For these reasons, the district court did not clearly err when it found that Klimecek was not a minor participant.

Klimecek also argues that his 30-month sentence was unreasonable.  We review the reasonableness of a sentence under an abuse of discretion standard.  *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008).  A sentence that falls within a properly calculated Guidelines range is presumptively reasonable, *id.*, but the defendant may rebut this presumption by showing that the sentence is unreasonable in light of the § 3553(a) factors.  *United States v. Campos*, 541 F.3d 735, 750–51 (7th Cir. 2008).

Klimecek contends that the district court should have imposed a below-Guidelines sentence for the following reasons, all of which relate to the nature and circumstances of the offense and his history and characteristics:  he did not realize that the value of the infringed items would exceed $300,000 or that the scope of the offense would extend to more than himself and a few friends; he lacked a criminal background;

he had a limited mens rea; his financial gain was negligible; and he was vulnerable to the influence of the more sophisticated participants. However, it is clear from the sentencing transcript that the district court thoroughly considered the § 3553(a) factors (which include the nature and circumstances of the offense and the defendant's history and characteristics) and explained why a 30-month sentence was appropriate. This sentence was at the low end of the advisory range, and the defendant has not presented anything that overcomes its presumptive reasonableness.

We AFFIRM Klimecek's sentence.